IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARCHDIOCESE OF WASHINGTON, Donald Cardinal Wuerl, Roman Catholic Archbishop of Washington, a corporation sole, 5001 Eastern Avenue Hyattsville, MD 20782<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, an interstate compact government agency, 600 Fifth Street, NW Washington, DC 20001; and<br><br>PAUL J. WIEDEFELD, in his official capacity as General Manager of the Washington Metropolitan Area Transit Authority, 600 Fifth Street, NW Washington, DC 20001,<br><br>Defendants. | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF<br><br>Case: 1:17-cv-02554<br>Assigned To : Jackson, Amy Berman<br>Assign. Date : 11/28/2017<br>Description: TRO/PI   **(D-DECK)** |

Plaintiff the Archdiocese of Washington (hereinafter referred to as the "Archdiocese of Washington" or the "Archdiocese"), by and through its undersigned counsel, brings this Complaint for Declaratory and Injunctive Relief against Defendants the Washington Metropolitan Transit Authority ("WMATA") and its General Manager and Chief Executive Officer Paul J. Wiedefeld, and in support of its complaint alleges as follows:

## INTRODUCTION

1. This case raises important and time sensitive issues under the First Amendment of the United States Constitution. As a member of the metropolitan area community, the Archdiocese wishes to access a widely available advertising platform on the exterior of public

buses as they traverse public thoroughfares to convey a simple message of hope in connection with the Christmas season. WMATA will not allow the Archdiocese to purchase advertising space, however, even though WMATA has for many decades allowed a wide array of speech on public buses and continues to sell advertising there to the present day. WMATA contends that it now prohibits all non-commercial advertising, including any speech that purportedly promotes a religion, religious practice, or belief. But the First Amendment, with its guarantees of free speech and the free exercise of religion, prevents the government from denying speech on the unreasonable, arbitrary, and discriminatory grounds put forward by WMATA. For this reason, and as set forth below, the Court should compel WMATA to allow the Archdiocese to convey its message of hope on public buses during this holiday season.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 28 U.S.C. § 1331, as the case presents substantial federal questions concerning a deprivation of constitutional rights, *see* 42 U.S.C. §1983, and federal statutory rights, *see* 42 U.S.C. § 2000bb *et seq.*, and under 28 U.S.C. § 1343, as the Archdiocese challenges a deprivation, committed under color of state or District of Columbia law, of constitutional rights.

3. This Court also has jurisdiction over this action pursuant to Section 81 of the Washington Metropolitan Area Transit Regulation Compact, which provides that the United States District Courts shall have original jurisdiction over all actions brought by or against the Washington Metropolitan Area Transit Authority. D.C. Code § 9-1107.01, ¶ 81. In Section 80 of the Compact, the State of Maryland and the Commonwealth of Virginia affirmatively waived the application of their Eleventh Amendment immunity to suits against WMATA regarding its proprietary functions. D.C. Code § 9-1107.01, ¶ 80.

4.  Venue is proper here, as this is the district in which substantial events giving rise to the complaint occurred, and in which Defendants reside. *See* 28 U.S.C. § 1391(b).

## THE PARTIES

5.  Plaintiff, the Archdiocese of Washington by and through the Roman Catholic Archbishop of Washington, and his successors in office, in accordance with the discipline and government of the Roman Catholic Church, is a corporation sole, established by an act of Congress in 1948, and is commonly referred to as the Archdiocese of Washington (hereinafter referred to as the "Archdiocese"). The Archdiocese is headquartered in Hyattsville, Maryland. The Archdiocese is organized exclusively for charitable, religious, and educational purposes within the meaning of Section 501(c)(3) of the Internal Revenue Code.

6.  The Archdiocese is a major participant in the life of the metropolitan area. It is home to more than 620,000 Catholics, and it operates more than 95 Catholic schools educating 27,000 children. Catholic Charities of the Archdiocese of Washington, the social outreach arm of the Archdiocese, is the largest non-governmental provider of social services in the metropolitan area. Through this organization, the Archdiocese puts its Catholic religious principles into action by providing over 1,000 beds for homeless individuals each night, distributing five million meals annually, and assisting thousands of people with legal, immigration, medical, behavioral health, and counseling services each year. In addition to Catholic Charities, affiliated corporations of the Archdiocese include Victory Housing (providing affordable and transitional housing to members of this community); Catholic Cemeteries; additional educational outreaches including Archbishop Carroll High School, Don Bosco Cristo Rey High School, and the Consortium of Catholic Academies (all serving economically disadvantaged members of the community and providing high quality education and holistic support to children and families); St. Ann's Center for Children, Youth and Family

(serving woman and children in need of assistance) among many other outreaches. In sum, the Archdiocese is a meaningful, contributing member of the community serving hundreds of thousands of residents and those in need.

7. Defendant WMATA is a government entity created by an interstate compact between Maryland, Virginia, and the District of Columbia. WMATA operates one of the nation's largest metropolitan heavy rail and bus transit systems, connecting the District of Columbia with counties in northern Virginia and southern Maryland. It has an annual budget of nearly three billion dollars. The headquarters of WMATA are located in the District of Columbia.

8. The sale of advertising represents a significant part of WMATA's annual operating revenue. WMATA received more than $20 million in advertising revenue in fiscal year 2016. It expects to receive more than $23 million in advertising revenue this fiscal year.

9. Defendant Paul J. Wiedefeld is General Manager and Chief Executive Officer of WMATA. The General Manager is the chief administrative officer of WMATA and, subject to policy direction by the Board of Directors of WMATA, is responsible for all of the activities of WMATA. Wiedefeld has served in that position since November 30, 2015. With respect to all actions by WMATA alleged in this complaint, Wiedefeld acted in his official capacity and therefore acted under color of law as an officer of WMATA.

## FACTUAL ALLEGATIONS

### A. The Archdiocese's "Find the Perfect Gift" Campaign

10. In Spring of 2017, the Archdiocese began to develop its "Find the Perfect Gift" advertising campaign. The campaign is scheduled to start before the liturgical season of Advent, which begins this year on December 3, 2017, and to continue through the Christmas season. The goal of the campaign is to encourage individuals to seek spiritual gifts during this Christmas season, and to offer members of the community public service opportunities to serve our most

vulnerable neighbors in the winter months when many material needs increase and become more challenging.

11. As part of the campaign, the Archdiocese created advertisements in several formats, for display in public spaces, on social media, and on the Internet. There are variations among the advertisements, depending on the format. Generally, the advertisements depict, in minimalist style, a starry night, with silhouettes of a small group of shepherds and sheep standing on a hill. All of the advertisements refer to an Internet site, FindThePerfectGift.org, which contains links to Mass schedules, opportunities for charitable service, information about religious holiday traditions, and reflections on the meaning of the Advent and Christmas seasons. The advertisements also refer to a social-media hashtag, #PerfectGift."

12. The Archdiocese purchased advertising space in bus shelters for the "Find the Perfect Gift" campaign from Clear Channel Outdoor. Clear Channel Outdoor provides and maintains bus shelters throughout the metropolitan area, and it sells advertising at or near the bus shelters. The billboards that Clear Channel Outdoor will display in bus shelters include the minimalist shepherds under a starry night, along with a quotation from the Book of Luke, Chapter 2, Verse 10: "Behold, I proclaim to you good news of great joy." Clear Channel Outdoor, which operates the bus-shelter advertising pursuant to a 20-year contract with the District of Columbia, agreed to sell the Archdiocese space for these advertisements.

13. The Archdiocese also designed "Find the Perfect Gift" advertisements to display on the sides and tails of public buses. These advertisements include the minimalist shepherds under a starry night, along with the reference to the Internet site and the social-media hashtag. Unlike the advertisements accepted by Clear Channel Outdoors, however, these advertisements

do not present a quotation from the Bible. Instead, as shown below, the advertisements intended for public buses simply present the slogan: "Find the Perfect Gift":



14. The advertisements intended for display on public buses are important to the success of the "Find the Perfect Gift" campaign. Although all of the campaign's distribution channels are helpful for spreading the Archdiocese's message, there is no medium that will reach the Archdiocese's broad audience as consistently or effectively as bus advertising.

15. Bus advertising offers a unique and powerful format for the "Find the Perfect Gift" campaign. Advertising on public buses offers high visibility with consistent daily views. Bus advertising offers a prominent way to reach both drivers and pedestrians on public sidewalks and thoroughfares throughout the metropolitan area. It is ubiquitous without being obtrusive. Moreover, public buses travel to many areas of the metropolitan region that are otherwise underserved and that other, more static advertising campaigns might miss. In terms of visibility, reach, and frequency, no other media type provides a substitute for bus advertising in the metropolitan area, especially with regard to the audience the Archdiocese most wants to reach with the "Find the Perfect Gift" campaign.

**B.    WMATA's Rejection of the Archdiocese's "Find the Perfect Gift" Campaign**

16. The Archdiocese asked to purchase space from WMATA for the "Find the Perfect Gift" campaign on public buses in the metropolitan area. On October 23, 2017, Edward McFadden, the Archdiocese's Secretary for Communications, sent an email to Jack Costello, a representative of Outfront Media, Inc., the third-party vendor that contracts with WMATA to

market advertising space. McFadden explained that the Archdiocese had a holiday campaign that it wanted to highlight via a taillight display advertisement on WMATA buses. Costello responded by saying "[t]hat's great" and asking McFadden for a call to "iron out a plan."

17.   On a telephone call the next day, Costello told McFadden that the "Find the Perfect Gift" advertisement would not comply with WMATA guidelines. Costello suggested some alternatives to advertising on public buses. None of the proffered alternatives could offer the unique viewership and exposure that accompanies public bus advertising. As noted above, there is no other forum that reaches as broad an audience throughout the metropolitan area in such an unobtrusive way. Costello also suggested the Archdiocese consider modifying its advertisement so that it might comply with WMATA's guidelines. Namely, Costello had mentioned that if the advertisement had a commercial purpose, such as selling goods or services, then the advertisement would be more likely to comply with WMATA's guidelines. McFadden explained that the Archdiocese could not conceive of a way to adjust the advertisement given the purpose and message of the campaign. He asked whether there was a process for review of the denial of advertising space.

18.   On November 8, 2017, in response to more email messages from McFadden, Costello stated that WMATA had denied the Archdiocese's requests to advertise on public buses. In response, counsel for the Archdiocese asked the general counsel of WMATA, Patricia Lee, for a meeting to discuss the denial. The Archdiocese's counsel noted that WMATA's decision "to deny advertising placements to the Archdiocese raises serious questions under the First Amendment and other applicable laws." The letter also emphasized that "time is of the essence because the Archdiocese's 'Find the Perfect Gift' campaign will begin before December 3, 2017, the first Sunday in the liturgical season of Advent."

19. Despite several inquiries from the Archdiocese, WMATA did not respond substantively to the request for a meeting until November 20, 2017. The response, in the form of a letter from outside counsel, did not accept the Archdiocese's request for a meeting. The letter again denied the Archdiocese access to exterior bus advertising for its campaign, stating that "the Archdiocese's advertisement for "FindThePerfectGift.org" is prohibited by [WMATA advertising] Guideline 12 because it depicts a religious scene and thus seeks to promote religion."

C. **WMATA's Advertising Guidelines and Practices**

20. The Archdiocese had advertised on WMATA's public buses in the past. For many years—and as recently as the Spring of 2015—WMATA had presented advertisements by the Archdiocese that were explicitly religious in character. These advertisements included a campaign highlighting the importance of the Sacrament of Reconciliation during the liturgical season of Lent. This campaign, "The Light Is On For You," was remarkably successful for the Archdiocese (and lucrative for WMATA), with advertisements on the backs of 85 buses throughout the metropolitan area.

21. In May 2015, the WMATA Board of Directors approved a resolution that temporarily closed WMATA's advertising space to what the Board deemed "issue-oriented advertising," including all political, advocacy, and religious advertising. Between May 2015 and November 2015, the temporary ban on issue-oriented advertising cost WMATA approximately $1.6 million in lost revenue. Pursuant to the moratorium on issue-oriented advertising, WMATA canceled advertising contracts with the Knights of Columbus, the Airline Pilot Association, the Alzheimer's Association, and the D.C. Department of Public Health.

22. In November 2015, the WMATA Board of Directors approved a resolution extending indefinitely the ban on issue-oriented advertising. WMATA staff recommended

extending the ban because of concerns that issue-oriented advertising could provoke community discord, create concern about discriminatory statements, and generate potential threats to safety and security from those who seek to oppose the advertising messages. The Board voted to allow advertising of alcoholic beverages as a means of making up the advertising revenue shortfall.

23. As part of the extended ban on issue-oriented advertising, WMATA revised its Guidelines Concerning Commercial Advertising to prohibit "[a]dvertisements that promote or oppose any religion, religious practice, or belief." There are no formal regulations to direct the implementation or interpretation of this ban; nor is there any published guidance about what speech is forbidden according to this guideline. The enforcement of this ban is left entirely to the discretion of WMATA staff under the direction of Defendant Wiedefeld.

24. Because the implementation of WMATA's ban on advertisements "that promote or oppose any religion, religious practice, or belief" is left entirely to the discretion of WMATA and its General Manager, the ban has been applied in an arbitrary and unreasonable manner. WMATA has denied the Archdiocese's "Find the Perfect Gift" advertisements, which contain no explicit references to religion, religious practice, or belief. At the same time, WMATA accepts advertisements that promote yoga practices as a mechanism to "take you on an inner journey of self-discovery" and to lead to the "acknowledgment of one soul to another." On information and belief, WMATA also accepts advertisements from the Salvation Army, which is an openly religious organization based on Protestant Christian principles. The advertisements promote the Salvation Army's Christmas-related fundraising activities. WMATA also routinely accepts advertisements that refer to Christmas in the context of promoting commercialism or encouraging consumers to buy more goods and services.

25. WMATA's ban on advertisements that promote or oppose any religion, religious practice, or belief has established a regime that is hostile to religion. As noted above, the ban effectively silences any viewpoint that might challenge commercialism or consumerism or attempt to emphasize the religious reason for the season. Indeed, during the discussions between WMATA's third-party contractor and Ed McFadden of the Archdiocese concerning the "Find the Perfect Gift" campaign, the contractor acknowledged that if the Archdiocese were selling goods or services, then the Archdiocese's advertisements might be acceptable under WMATA's guidelines. The upshot of WMATA's guidelines is to banish certain religious speech from an important public square—a forum that plays a unique role in public speech and encompasses all corners of the City.

26. The "Find the Perfect Gift" campaign has a purpose and meaning that is tied intrinsically to the liturgical season of Advent. The Archdiocese has tried persistently to secure access to public buses for its speech, reminding WMATA that time is of the essence. For the avoidance of doubt, the Archdiocese remains ready and willing to place its advertisements for the "Find the Perfect Gift" campaign on public buses as soon as WMATA will accept them. The Archdiocese also intends to purchase advertising space on public buses for other, similar campaigns in the future.

27. If the Archdiocese is unable to convey its message throughout the communities served by the public buses in time for Advent, then the Archdiocese will suffer an irreparable harm to its constitutional and statutory rights.

## CLAIMS FOR RELIEF

### COUNT ONE – FIRST AMENDMENT FREEDOM OF SPEECH

28. The Archdiocese restates the allegations in paragraphs 1–27 of this Complaint as if fully set forth herein.

29. Through the prohibition against "[a]dvertisements that promote or oppose any religion, religious practice, or belief" in WMATA's Guidelines Concerning Commercial Advertising, Defendants have deprived the Archdiocese of its right to engage in protected speech in violation of the Free Speech Clause of the First Amendment.

30. The prohibition on "[a]dvertisements that promote or oppose any religion, religious practice, or belief," facially and as applied to the Archdiocese's request to place advertisements for the "Find the Perfect Gift" campaign, is content-based and viewpoint-based in violation of the Free Speech Clause of the First Amendment.

31. The prohibition on "[a]dvertisements that promote or oppose any religion, religious practice, or belief," facially and as applied to the Archdiocese's request to place advertisements for the "Find the Perfect Gift" campaign, violates the free speech rights of the Archdiocese because the prohibition creates an unreasonable and disproportionate burden on the exercise of the Archdiocese's speech without any legitimate justification.

32. The prohibition on "[a]dvertisements that promote or oppose any religion, religious practice, or belief," facially and as applied to the Archdiocese's request to place advertisements for the "Find the Perfect Gift" campaign, violates the First Amendment by granting a public official unbridled discretion such that the official's decision to limit speech is not constrained by objective criteria, but may rest on ambiguous and subjective grounds.

34. The prohibition on "[a]dvertisements that promote or oppose any religion, religious practice, or belief," facially and as applied to the Archdiocese's request to place advertisements for the "Find the Perfect Gift" campaign, violates the First Amendment by providing no objective guide for distinguishing between permissible and impermissible advertisements in a non-arbitrary, viewpoint-neutral manner.

35. The discriminatory and arbitrary enforcement of WMATA's policy violates the Archdiocese's First Amendment rights by prohibiting it from emphasizing the religious reason for the season, at the same time WMATA permits advertisements emphasizing the secular aspects of the season.

36. WMATA's efforts to convert the exterior of buses displaying advertisements to individuals on the public thoroughfares and sidewalks into a non-public forum are both unsuccessful and in violation of the First Amendment.

37. The prohibition on "[a]dvertisements that promote or oppose any religion, religious practice, or belief" operates as a prior restraint on the Archdiocese's speech and therefore comes before this Court bearing a heavy presumption against its constitutional validity.

38. As a direct and proximate result of Defendants' violation of the Free Speech Clause of the First Amendment, the Archdiocese has suffered and will suffer irreparable harm, including the loss of its constitutional rights, entitling the Archdiocese to declaratory and injunctive relief.

### COUNT TWO – FIRST AMENDMENT FREE EXERCISE OF RELIGION

39. The Archdiocese restates the allegations in paragraphs 1–27 of this Complaint as if fully set forth herein.

40. Through the prohibition against "[a]dvertisements that promote or oppose any religion, religious practice, or belief" in WMATA's Guidelines Concerning Commercial Advertising, Defendants have deprived the Archdiocese of its rights under the Free Exercise Clause of the First Amendment.

41. The Free Exercise Clause of the First Amendment mandates the equal treatment of all religious faiths and institutions without discrimination or preference.

42. The prohibition on "[a]dvertisements that promote or oppose any religion, religious practice, or belief," as applied to the Archdiocese's request to place advertisements for the "Find the Perfect Gift" campaign, violates the Free Exercise Clause of the First Amendment by disfavoring religious speech and discriminating against the religious faith of the Archdiocese while establishing preferences for other religious faiths and institutions, including the absence of any religious faith.

43. The prohibition on "[a]dvertisements that promote or oppose any religion, religious practice, or belief" furthers no compelling governmental interest.

44. The prohibition on "[a]dvertisements that promote or oppose any religion, religious practice, or belief" is not narrowly tailored to advance any compelling governmental interest.

45. As a direct and proximate result of Defendants' violation of the Free Exercise Clause of the First Amendment, the Archdiocese has suffered and will suffer irreparable harm, including the loss of its constitutional rights, entitling the Archdiocese to declaratory and injunctive relief.

## COUNT THREE – RELIGIOUS FREEDOM RESTORATION ACT

46. The Archdiocese restates the allegations in paragraphs 1–27 of this Complaint as if fully set forth herein.

47. Through the prohibition against "[a]dvertisements that promote or oppose any religion, religious practice, or belief" in WMATA's Guidelines Concerning Commercial Advertising, Defendants have violated the Archdiocese's rights under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb *et seq.*

48. RFRA prohibits the federal government and entities subject to its authority, including Washington, D.C., from "substantially burden[ing] a person's exercise of religion"

unless it "demonstrates that application of the burden to the person is (1) in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb-1(a), (b).

49. The prohibition on "[a]dvertisements that promote or oppose any religion, religious practice, or belief," as applied to the Archdiocese's request to place advertisements for the "Find the Perfect Gift" campaign, places a substantial burden on the Archdiocese's exercise of its religion.

50. The prohibition on "[a]dvertisements that promote or oppose any religion, religious practice, or belief" furthers no compelling governmental interest.

51. The prohibition on "[a]dvertisements that promote or oppose any religion, religious practice, or belief" is not narrowly tailored to advance any compelling governmental interest.

52. As a direct and proximate result of Defendants' violation of RFRA, the Archdiocese has suffered and will suffer irreparable harm, including the loss of its statutorily protected rights, entitling the Archdiocese to declaratory and injunctive relief.

## COUNT FOUR – EQUAL PROTECTION

53. The Archdiocese restates the allegations in paragraphs 1–27 of this Complaint as if fully set forth herein.

54. Through the prohibition against "[a]dvertisements that promote or oppose any religion, religious practice, or belief" in WMATA's Guidelines Concerning Commercial Advertising, Defendants have violated the Archdiocese's rights under the Equal Protection principles incorporated by the Due Process Clause of the Fifth Amendment.

55. The Equal Protection principles of the Due Process Clause prohibit WMATA from denying the Archdiocese equal protection of the laws.

56. The prohibition on "[a]dvertisements that promote or oppose any religion, religious practice, or belief," as applied to the Archdiocese's request to place advertisements for the "Find the Perfect Gift" campaign, denies the Archdiocese equal protection.

57. The prohibition on "[a]dvertisements that promote or oppose any religion, religious practice, or belief" has no rational basis.

58. The prohibition on "[a]dvertisements that promote or oppose any religion, religious practice, or belief" is not narrowly tailored to advance any compelling governmental interest.

59. As a direct and proximate result of Defendants' violation of the Equal Protection principles of the Fifth Amendment, the Archdiocese has suffered and will suffer irreparable harm, including the loss of its constitutional rights, entitling the Archdiocese to declaratory and injunctive relief.

## COUNT FIVE – DUE PROCESS

60. The Archdiocese restates the allegations in paragraphs 1–27 of this Complaint as if fully set forth herein.

61. Through the prohibition against "[a]dvertisements that promote or oppose any religion, religious practice, or belief" in WMATA's Guidelines Concerning Commercial Advertising, Defendants have violated the Archdiocese's rights under the Due Process Clause of the Fifth Amendment.

55. The Due Process Clause prohibits WMATA from depriving the Archdiocese of life, liberty, or property without due process of the law.

56. The prohibition on "[a]dvertisements that promote or oppose any religion, religious practice, or belief," as applied to the Archdiocese's request to place advertisements for

the "Find the Perfect Gift" campaign, deprives the Archdiocese of liberty and property without due process.

57. As a direct and proximate result of Defendants' violation of the Due Process Clause of the Fifth Amendment, the Archdiocese has suffered and will suffer irreparable harm, including the loss of its constitutional rights, entitling the Archdiocese to declaratory and injunctive relief.

## CLAIMS FOR RELIEF

WHEREFORE Plaintiff the Archdiocese of Washington respectfully requests that this Court:

1. Enter a declaration that the prohibition against "[a]dvertisements that promote or oppose any religion, religious practice, or belief" in WMATA's Guidelines Concerning Commercial Advertising violates the rights of the Archdiocese under the Free Speech Clause of the First Amendment;

2. Enter a declaration that the prohibition against "[a]dvertisements that promote or oppose any religion, religious practice, or belief" in WMATA's Guidelines Concerning Commercial Advertising violates the rights of the Archdiocese under the Free Exercise Clause of the First Amendment;

3. Enter a declaration that the prohibition against "[a]dvertisements that promote or oppose any religion, religious practice, or belief" in WMATA's Guidelines Concerning Commercial Advertising violates the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.*;

4. Enter a declaration that the prohibition against "[a]dvertisements that promote or oppose any religion, religious practice, or belief" in WMATA's Guidelines Concerning

Commercial Advertising violates the rights of the Archdiocese under the Equal Protection principles of the Fifth Amendment;

5. Enter a declaration that the prohibition against "[a]dvertisements that promote or oppose any religion, religious practice, or belief" in WMATA's Guidelines Concerning Commercial Advertising violates the rights of the Archdiocese under the Due Process Clause of the Fifth Amendment;

6. Enter an injunction preventing Defendants from enforcing the prohibition against "[a]dvertisements that promote or oppose any religion, religious practice, or belief" to reject the Archdiocese's request to purchase advertising space for the "Find the Perfect Gift" campaign;

7. Award attorney's fees and costs to the Archdiocese under 42 U.S.C. § 1988 and 42 U.S.C. § 2000bb-1; and

8. Award such other relief as the Court may deem just and proper.

Dated: November 28, 2017          Respectfully submitted,

By: *[signature]*

Paul D. Clement, P.C.
paul.clement@kirkland.com
Michael F. Williams, P.C.
Megan M. Wold*
Kasdin M. Mitchell**
Joseph C. Schroeder***
KIRKLAND & ELLIS LLP
655 15th Street, NW
Washington, DC 20005
(202) 879-5000
*Admitted only in Ohio and supervised by principals of the Firm.
**Admitted only in Alabama and supervised by principals of the Firm.
***Admitted only in Illinois and supervised by principals of the Firm.

ATTORNEYS FOR PLAINTIFF ARCHDIOCESE OF WASHINGTON, DONALD CARDINAL WUERL, ARCHBISHOP OF WASHINGTON

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 28th day of November 2017, he caused a true and correct copy of the Complaint for Declaratory and Injunctive Relief to be served via Federal Express Overnight delivery and electronic mail upon the following:

Patricia Y. Lee
General Counsel
Washington Metropolitan Area Transit Authority
600 5th Street, NW
Washington, DC 20001

Rex S. Heinke
Akin Gump
1999 Avenue of the Stars
Suite 600
Los Angeles, CA 90067-6022

_____
Paul D. Clement