IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ARCHDIOCESE OF WASHINGTON, Donald Cardinal Wuerl, a Roman Catholic Archbishop of Washington, a corporation sole**,<br>5001 Eastern Avenue<br>Hyattsville, MD 20782,<br><br>               Plaintiff,<br><br>   v.<br><br>**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, an interstate compact government agency,**<br>600 Fifth Street, NW<br>Washington, DC 20001; and<br><br>**PAUL J. WIEDEFELD, in his official capacity as General Manager of the Washington Metropolitan Area Transit Authority,**<br>600 Fifth Street, NW<br>Washington, DC 20001,<br><br>               Defendants. | **PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED AS MOOT**<br><br>No. 1:17-cv-02554-ABJ |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE WHY
COMPLAINT SHOULD NOT BE DISMISSED AS MOOT**

Plaintiff the Archdiocese of Washington's (the "Archdiocese") complaint—which alleges several constitutional and statutory infirmities with respect to Defendant Washington Metropolitan Area Transit Authority's ("WMATA") policy prohibiting advertisements on the exteriors of public buses that "promote or oppose any religion, religious practice, or belief"—is not moot. The emergency preliminary proceedings in this Court focused on the Archdiocese's Advent campaign, "Find the Perfect Gift," given the time sensitivity of the Archdiocese's need to run that campaign during the month of December. But the Archdiocese's complaint is not limited to recourse for advertising opportunities denied during the weeks in 2017 leading up to Christmas. Rather, the

complaint plainly alleges claims against Defendants based on WMATA's policy on its face and as applied to both the Archdiocese's current and anticipated future advertising campaigns. In addition, the Archdiocese has sought leave to amend its complaint to raise additional causes of action and to provide further detail concerning its ongoing interest in advertising on the exteriors of public buses during Advent, including future Advents, and other times of the year. The Archdiocese would run those advertising campaigns but for WMATA's no-religious-speech policy, which the Archdiocese has challenged in both its original and proposed amended complaints. The Archdiocese's claims are plainly not moot for those reasons, but if the claims were moot they would fall squarely within the exception to mootness for claims that are capable of repetition yet evading review. Given that the Archdiocese's advertisements, including the "Find the Perfect Gift" campaign, principally run during seasonal periods that recur annually, the relevant season will come and go before the Archdiocese can fully litigate its claims.

A. **The Archdiocese's Complaint Is Not Moot.**

The Archdiocese's complaint presents a live controversy. "[A] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quotation marks omitted); *see United States v. Philip Morris USA, Inc.*, 566 F.3d 1095, 1135 (D.C. Cir. 2009). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Knox v. Service Employees Int'l Union, Local 1000*, 567 U.S. 298, 307-08 (2012) (quotation marks omitted). The purpose of the doctrine is to avoid "advisory" opinions that will not affect the legal rights of the parties. *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000).

The Archdiocese's complaint makes clear that it retains a "concrete interest" in the outcome of this litigation, *Chafin*, 568 U.S. at 172, such that this Court's resolution of the issues would not be "advisory," *City of Erie*, 529 U.S. at 287. The Archdiocese expressly alleged that it

has sought in the past and will continue to seek in the future the opportunity to run religious advertisements on the exteriors of public buses in D.C.  The Archdiocese "ha[s] advertised on WMATA's public buses in the past," and "[f]or many years" has "presented advertisements … that were explicitly religious in character."  Compl. ¶20.  The Archdiocese "also intends to purchase advertising space on public buses for other … campaigns" that are "similar" to its "Find the Perfect Gift" campaign, "in the future."  Compl. ¶26.  These allegations make clear that the Archdiocese maintains a concrete interest in this litigation.

The Archdiocese also clearly challenged the no-religious-speech policy both on its face and as applied to its advertisements.  The Archdiocese alleges that the policy "has established a regime that is hostile to religion."  Compl. ¶25.  It seeks relief under the Free Speech Clause of the First Amendment because the policy "facially and as applied" has "deprived the Archdiocese of its right to engage in protected speech in violation of the Free Speech Clause" and "operates as a prior restraint on the Archdiocese's speech."  Compl. ¶30, 37.  And the policy "grant[s] a public official unbridled discretion … to limit speech … on ambiguous and subjective grounds" and "provid[es] no objective guide for distinguishing between permissible and impermissible advertisements in a non-arbitrary, viewpoint-neutral manner."  Compl. ¶32, 34.  The Archdiocese also seeks relief under the Free Exercise Clause of the First Amendment because the no-religious-speech policy "disfavor[s] religious speech and discriminat[es] against the religious faith of the Archdiocese while establishing preferences for other religious faiths and institutions, including the absence of any religious faith."  Compl. ¶42.  The complaint goes on to allege violations of the Archdiocese's statutory rights under the Religious Freedom Restoration Act and its constitutional rights to equal protection and due process, all of which make clear that the Archdiocese's injury is ongoing and that a decision by this Court declaring WMATA's no-religious-speech policy invalid

would "grant effectual relief" between the parties. *Philip Morris*, 566 F.3d at 1135; Compl. ¶¶46-59.

The Archdiocese's specific claims for relief confirm that its allegations are not moot. In light of the ongoing injury it suffers under the no-religious-speech policy, the Archdiocese asks the Court to "enter a declaration" that the policy violates the First and Fifth Amendments as well as RFRA. Compl. (Claims for Relief ¶¶1-5). "[A] plaintiff's challenge will not be moot where it seeks declaratory relief as to an ongoing policy." *Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 322 (D.C. Cir. 2009); *see also Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 125 (1974). This is so "even if the plaintiff has made no challenge to an ongoing underlying policy, but merely attacks an isolated agency action." *Del Monte*, 570 F.3d at 321 (quotation marks omitted). The lack of mootness here follows, *a fortiori*, from *Del Monte*, as the Archdiocese specifically sought a declaration that the no-religious-speech policy violated its constitutional and statutory rights.

### B. The Archdiocese's First Amended Complaint Underscores That This Case Is Not Moot.

Although the Archdiocese's original complaint alleged that it intends to run advertisements in the future that would be prohibited by WMATA's no-religious-speech policy, it has sought leave to file an amended complaint making additional allegations and asserting additional claims that underscore the ongoing nature of this controversy. With respect to the "Find the Perfect Gift" campaign, the Archdiocese expressly alleges in its proposed amended complaint that it "plans to run th[at] campaign again during future Advent and Christmas seasons, including in 2018." First Am. Compl. ¶10. The Archdiocese also elaborates on its allegation that it and its affiliates will seek to run advertisements on the exteriors of WMATA buses for a variety of other events and milestones. For example, the Archdiocese expects to run advertisements "during seasons of

greatest need," and its affiliate the Catholic Schools of Washington expects to run advertisements "during the school enrollment season." First Am. Compl. ¶28. The Archdiocese "intends to run advertisements in the future that inform the public about special events, draw attention to new or existing churches or church-related facilities, or display mass service or reconciliation times." First Am. Compl. ¶29.

The additional detail in the amended complaint makes clear beyond cavil that the dispute between the Archdiocese and WMATA is ongoing, even though the 2017 Advent season has drawn to a close.

    **C.**    **At a Minimum, the Archdiocese's Claims Are Capable of Repetition Yet Evading Review.**

Even if the claims were somehow deemed moot based on the passage of the 2017 Advent season, the claims would fall within the "exception to mootness" for claims that are "capable of repetition yet evading review." *Del Monte*, 570 F.3d at 322. Under that exception, a plaintiff must show that "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again." *Clarke v. United States*, 915 F.2d 699, 704 (D.C. Cir. 1990) (en banc) (alteration omitted); *see also Honig v. Doe*, 484 U.S. 305, 318–20 & n.6 (1988). The Supreme Court has made clear that the "evading review requirement" means "evading Supreme Court review," *Christian Knights of Ku Klux Klan Invisible Empire, Inc. v. Dist. of Columbia*, 972 F.2d 365, 369 (D.C. Cir. 1992) (citing *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 547 (1976)), and the D.C. Circuit has clarified that a duration of "less than two years[]" typically will satisfy that standard. *Pub. Utils. Comm'n v. FERC*, 236 F.3d 708, 714 (D.C. Cir. 2001); *see also Burlington N. R.R. Co. v. Surface Transp. Bd.*, 75 F.3d 685, 690 (D.C. Cir. 1996). "In addressing whether a matter can be fully litigated," the court "do[es] not consider the

5

availability of expedited review." *Ralls Corp. v. Comm. on Foreign Investment in U.S.*, 758 F.3d 296, 321 (D.C. Cir. 2014). Moreover, "[w]hen controversies present what are essentially recurring issues of public interest they are not mooted because the most recent particular occasion for consideration of the issue has come and gone." *Women Strike for Peace v. Hickel*, 420 F.2d 597, 604 (D.C. Cir. 1969).

There can be no serious doubt that the Archdiocese's "Find the Perfect Gift" campaign would satisfy this exception were the dispute actually moot. The validity of WMATA's policy as to a particular Advent campaign cannot be "fully litigated" prior to the passing of the Christmas season. As this very litigation demonstrates, the "liturgical season has come to an end" well before the Archdiocese has been able to litigate even its preliminary, emergency motions, Minute Order of Jan. 8, 2018, much less before it has been able to obtain "Supreme Court review" of the merits of its claims, *Christian Knights*, 972 F.2d at 36. As the Archdiocese explained in its complaint, it began preparations for the "Find the Perfect Gift" campaign in the spring of 2017. The Archdiocese has alleged in its proposed amended complaint that it will seek to run this campaign again this year. And there is a real prospect that the Archdiocese could see at least one more Christmas "come to an end" before its claims are fully litigated through Supreme Court review on the merits.

Indeed, the D.C. Circuit has already recognized the applicability of the capable of repetition yet evading review doctrine to disputes arising during the Christmas season. Recognizing that Christmas-related speech is inherently seasonal, and that the season is likely to come and go before litigation can fully conclude, the D.C. Circuit has repeatedly held that Christmas-related claims should not be dismissed as moot just because the Christmas season has come to an end before litigation can conclude. For example, the D.C. Circuit has ruled that litigation seeking to enjoin

inclusion of a crèche during a Christmas pageant in a national park did not require dismissal of the appeal just because the Christmas season passed during the pendency of the appeal. *Allen v. Hickel*, 424 F.2d 944, 950 (D.C. Cir. 1970); *see also Women Strike for Peace v. Morton*, 472 F.2d 1273, 1280 n.51 (D.C. Cir. 1972). This Court should reach the same conclusion here.

Finally, even given the limited record at this stage, there is more than a "reasonable expectation" that the Archdiocese "w[ill] be subjected to the same action again." *Clarke*, 915 F.2d at 704. WMATA has made no indication that it would permit the Archdiocese to run its "Find the Perfect Gift" campaign or other similar campaigns in the future. And indeed its own evidentiary submission at the preliminary-injunction stage, showing the religious advertisements that it has refused, creates a near practical certainty that WMATA would reject the Archdiocese's religious campaigns in the future. Dkt.10-4.

Dated:  January 16, 2018                          Respectfully submitted,

By: <u>s/Michael F. Williams</u>
Paul D. Clement, P.C.
paul.clement@kirkland.com
Michael F. Williams, P.C.
Megan M. Wold*
Kasdin M. Mitchell**
Joseph C. Schroeder***
KIRKLAND & ELLIS LLP
655 15th Street, NW
Washington, DC 20005
(202) 879-5000
*Admitted only in Ohio and supervised by principals of the Firm.
**Admitted only in Alabama and supervised by principals of the Firm.
***Admitted only in Illinois and supervised by principals of the Firm.

ATTORNEYS FOR PLAINTIFF ARCHDIOCESE OF WASHINGTON, DONALD CARDINAL WUERL, ARCHBISHOP OF WASHINGTON

## CERTIFICATE OF SERVICE

      The undersigned certifies that on this 16th day of January 2018, he caused a true and correct copy of the Plaintiff's Response to Order To Show Cause Why Complaint Should Not Be Dismissed As Moot to be served via the CM/ECF system.

                                                                       <u>s/Michael F. Williams</u>
                                                                       Michael F. Williams