IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARCHDIOCESE OF WASHINGTON, Donald Cardinal Wuerl, a Roman Catholic Archbishop of Washington, a corporation sole, <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, an interstate compact government agency, and <br><br> PAUL J. WIEDEFELD, in his official capacity as General Manager of the Washington Metropolitan Area Transit Authority, <br><br> Defendants. | **PLAINTIFF'S OPPOSITION TO STAY OF PROCEEDINGS PENDING APPEAL** <br><br><br> No. 1:17-cv-02554-ABJ |

**PLAINTIFFS' OPPOSITION TO STAY OF PROCEEDINGS PENDING APPEAL**

The Court should not stay pretrial discovery and other proceedings pending the D.C. Circuit's resolution of Plaintiff the Archdiocese of Washington's (the "Archdiocese") preliminary injunction appeal. The Archdiocese's appeal will necessarily resolve only the *preliminary* question of whether to enjoin Defendant the Washington Metropolitan Area Transit Authority's ("WMATA") no-religious-speech policy while this litigation proceeds. Whatever the D.C. Circuit's answer to that question, it will not "speak to the ultimate merits of any of [the Archdiocese's] claims on a more mature record." D.C. Circuit Order of December 20, 2017. The D.C. Circuit assumed a "more mature record" would be developed in order to assess allegations of arbitrary enforcement and other fact-dependent claims. *Id*. That is why, regardless of the outcome of its preliminary injunction appeal, the Archdiocese will pursue fact discovery in this Court to develop the record in support of its claims. A stay would merely forestall the discovery

the Archdiocese will eventually obtain, rather than obviate the need for the discovery, and it will harm the Archdiocese and the public interest by prolonging the time it takes to reach a definitive merits decision and, if the Archdiocese is successful, full and final relief from WMATA's no-religious-speech policy.

*     *     *

When a party appeals the denial of a preliminary injunction, it is "assume[d]" that the "case will proceed forward expeditiously in the district court" while the appeal is pending. *Soc'y for Animal Rights, Inc. v. Schlesinger*, 512 F.2d 915, 918 (D.C. Cir. 1975); *see also, e.g.*, *West Publ'g Co. v. Mead Data Ctr., Inc.*, 799 F.2d 1219, 1242 (8th Cir. 1986). "The proponent of a stay" thus "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997); *United States v. Honeywell Int'l, Inc.*, 20 F. Supp. 3d 129, 132 (D.D.C. 2013). A stay "is rarely appropriate" where the pending proceeding "will not dispose of the entire case," and it can be justified only by a "'clear case of hardship or inequity in being required to go forward.'" *Honeywell*, 20 F. Supp. 3d at 132 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)); *see also Comm. on Oversight & Gov't Reform v. Holder*, 2014 WL 12662667, at *1 (D.D.C. Oct. 6, 2014).

### A. The Preliminary Injunction Appeal Will Not Dispose of this Case.

The D.C. Circuit's resolution of the pending appeal will not "dispose of th[is] entire case," so there is no chance that the D.C. Circuit's decision will eliminate the need for further proceedings in this Court. *Honeywell*, 20 F. Supp. 3d at 132. The scope of a preliminary injunction appeal generally is "limited to consideration of the preliminary injunction decision itself." Wright & Miller et al., 16 Fed. Prac. & Proc. Juris. § 3921.2 (3d ed.). "[A]s its name implies," a preliminary injunction is "preliminary to the trial." *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 673 (9th Cir. 1988). Accordingly, at that stage, the court decides only the plaintiff's "likelihood

of success" on the merits of its claims, not whether it "would in fact succeed on the merits after discovery and trial," *Pharm. Care Mgmt. Ass'n v. Maine Attorney Gen.*, 332 F. Supp. 2d 258, 260 (D. Me. 2004); *see also Webb v. GAF Corp.*, 78 F.3d 53, 55-56 (2d Cir. 1996) ("Obviously, quite different considerations are presented by a preliminary injunction that is entered prior to a final judgment on the merits, and a permanent injunction that constitutes a central component of such a final judgment."). "[T]he District Court's findings, and [the appellate court's] observations as to the governing law … are tentative and provisional," and "different findings or conclusions might be warranted after a trial on the merits." *West Pub'g Co.,* 799 F.2d at 1229 (8th Cir. 1986). These general principles apply with particular force where some of the Archdiocese's claims (such as those concerning arbitrary enforcement) depend critically on discovery and where the D.C. Circuit itself has emphasized the need to develop the record before a definitive resolution of the merits is possible.

The Archdiocese's current appeal addresses only a subset of the claims raised in its original complaint. With respect to the issues not raised on appeal, there is no basis for staying the proceedings. And even with respect to the merits of the claims raised in the preliminary injunction appeal, this Court decided only whether the Archdiocese was "likely to succeed," Dkt.17 at 12, and the D.C. Circuit will decide only that question, too. The appeal will *not* decide whether the Archdiocese will "in fact succeed on the merits after discovery and trial." *Pharm. Care Mgmt. Ass'n*, 332 F. Supp. 2d at 260. Finally, the appeal will not address the new allegations and claims raised in the Archdiocese's first amended complaint.

In rejecting an injunction pending appeal, the D.C. Circuit specifically recognized the need for discovery before this litigation could be definitively resolved. The D.C. Circuit likewise recognized the distinction between the request for preliminary relief under review (decided on a

3

scant and undeveloped factual record) and the request for merits relief currently before the Court (to be determined only after full discovery and trial). The panel "emphasize[d]" the "preliminary nature" of the issues under consideration. D.C. Circuit Order of December 20, 2017. It decided only that, at this "early pre-discovery procedural stage," it could not conclude that the Archdiocese established a "*substantial* likelihood of success" on the merits of its claims. *Id.* (emphasis in original). It said nothing about the "ultimate merits of *any* of [the Archdiocese's] claims," except that, before it can decide those issues fully, the Archdiocese needs to develop "a more mature record." *Id.* (emphasis added). Accordingly, the D.C. Circuit also expects that the parties would proceed to expeditious discovery and merits resolution in the ordinary course while the preliminary injunction appeal is pending, *see Soc'y for Animal Rights, Inc.*, 512 F.3d at 918, and there is no reason to delay the Archdiocese's efforts to that end.

### B. A Stay of Proceedings Will Harm the Archdiocese and Disserve Judicial Economy.

A stay also is not warranted because no "clear case of hardship or inequity" justifies it. *Landis*, 299 U.S. at 255. To the contrary, any delay will harm the Archdiocese and disserve judicial economy and the public interest, while leaving WMATA no worse off than it would otherwise be.

Because many of its advertising campaigns are seasonal, the Archdiocese suffers an irreparable injury with every season that passes during which it cannot run its campaigns. The Archdiocese plans to run the "Find the Perfect Gift" campaign again this coming Advent (less than eleven months away), as well as other campaigns throughout this year and the years to come, and it will suffer substantial hardship if this Court has not resolved the merits of its claims by the time it seeks to run those campaigns. First Am. Compl. ¶¶10, 28-29. Moreover, to the extent WMATA's policy limits the Archdiocese's free speech rights or even its ability to advertise on the media of its choice, the policy inflicts ongoing irreparable injury on the Archdiocese. If WMATA

ultimately prevails in this litigation, the Archdiocese will need to restructure its advertising and other free speech activities. But win or lose, the Archdiocese has an interest in a speedy resolution of the case.

The public likewise has a strong interest in discovery and the speedy resolution of this litigation. If WMATA's policies are unconstitutional, the public plainly has an interest in those policies ending sooner rather than later. And if the policies are ultimately upheld, the public will benefit from knowing that an important multi-state agency is operating lawfully. Moreover, the public interest plainly favors the disclosure of more, not less, information about WMATA's advertising practices.

By contrast, WMATA will suffer no harm if proceedings in this Court continue during the pendency of the preliminary injunction appeal in the D.C. Circuit. The "expense and inconvenience of litigation" generally will not "justify a stay of proceedings," and particularly not here, where WMATA will incur the same expense and inconvenience regardless of whether the D.C. Circuit grants preliminary relief to the Archdiocese or not. *Dole v. Hansbrough*, 113 B.R. 96, 98 (D.D.C. 1990). A stay of proceedings will only postpone WMATA's expense and inconvenience. It will in no way eliminate those litigation burdens.

Finally, moving forward expeditiously with pretrial proceedings and discovery will advance judicial economy and efficiency. *See Comm. on Oversight & Gov't Reform v. Holder*, 2014 WL 12662667, at *1 (a court also "may grant a stay of proceedings in the interests of judicial economy and efficiency"). It is in the interest of judicial economy and efficiency to resolve cases in the timeliest manner possible and without pursuing redundant or unnecessary efforts. Here, the timeliest resolution of the issues in this case will follow from expeditiously proceeding in this Court while the preliminary injunction appeal is pending in the D.C. Circuit. Proceeding

expeditiously carries no risk of redundant or unnecessary effort from this Court or the parties, given that this case will proceed here regardless of whether the D.C. Circuit grants or denies the preliminary injunctive relief the Archdiocese has requested.

*   *   *

For these reasons, the Court should not stay proceedings in this case pending the D.C. Circuit's decision in the Archdiocese's preliminary injunction appeal.

Dated:  January 22, 2018                                  Respectfully submitted,

                  By:  s/Michael F. Williams
                      Paul D. Clement, P.C.
                      paul.clement@kirkland.com
                      Michael F. Williams, P.C.
                      Megan M. Wold*
                      Kasdin M. Mitchell**
                      Joseph C. Schroeder***
                      KIRKLAND & ELLIS LLP
                      655 15th Street, NW
                      Washington, DC 20005
                      (202) 879-5000
                      *Admitted only in Ohio and supervised
                      by principals of the Firm.
                      **Admitted only in Alabama and
                      supervised by principals of the Firm.
                      ***Admitted only in Illinois and
                      supervised by principals of the Firm.

                      ATTORNEYS FOR PLAINTIFF
                      ARCHDIOCESE OF WASHINGTON,
                      DONALD CARDINAL WUERL,
                      ARCHBISHOP OF WASHINGTON

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 22nd day of January 2018, he caused a true and correct copy of the Opposition to Stay Pending Appeal to be served via the CM/ECF system.

<u>s/Michael F. Williams</u>
Michael F. Williams
